838 F.2d 1210
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Achilon MOSES, a/k/a Islam Moses, Petitioner-Appellant,
v.
Aaron JOHNSON, Attorney General of the State of North
Carolina, Respondents-Appellees.
 No. 87-6560.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 24, 1987.
Decided: Feb. 2, 1988.
 
 Achilon Moses, appellant pro se.
 Richard Norwood League, Office of Attorney General, for appellees.
 Before CHAPMAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Achilon Moses, a North Carolina inmate, seeks to appeal the district court's denial of relief under 28 U.S.C. Sec. 2254. We deny a certificate of probable cause to appeal and dismiss the appeal.
 
 
 2
 Moses was convicted, after a jury trial, of auto larceny, breaking and entering an automobile, and larceny from a motor vehicle. His federal petition challenges his conviction of auto larceny on the grounds that the North Carolina auto larceny statute is unconstitutionally vague and overbroad and that the evidence presented at his trial was insufficient to sustain a verdict of guilty of auto larceny.
 
 
 3
 Moses's challenge to the constitutionality of the larceny statute rests on the decision of the North Carolina Court of Appeals in State v. Graham, 32 N.C.App. 601, 233 S.E.2d 615 (1977), finding unconstitutional N.C.Gen.Stat. Sec. 14-72.2 which prohibits the unauthorized use of a conveyance. Moses was convicted, however, under N.C.Gen.Stat. Sec. 14-72 of larceny of property, not under N.C.Gen.Stat. Sec. 14-72.2 of unauthorized use of a conveyance. Section 14-72 is neither vague nor overbroad.
 
 
 4
 In addition, we find the evidence presented at Moses's trial sufficient that a rational trier of fact could have found beyond a reasonable doubt that Moses was guilty of auto larceny. Jackson v. Virginia, 443 U.S. 307 (1979). Moses offered a 1976 Lincoln Continental for sale to an undercover police officer two hours after such a vehicle had been reported stolen. When police officers attempted to arrest the individuals who were delivering the vehicle pursuant to the arranged sale, the individuals ran and the officers were unable to either apprehend or identify them. Some time thereafter, however, Moses told the undercover officer that he knew he was a law enforcement officer because police had been waiting for him when he had arrived with the stolen Lincoln Continental he had arranged to sell. Although, as Moses argues, no witness testified that he saw Moses steal the car or even in possession of the car, the jury could reasonably conclude from the evidence presented that Moses had, in fact, stolen the car.
 
 
 5
 We accordingly deny a certificate of probable cause and dismiss this appeal. We dispense with oral argument because the issues are adequately developed in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 DISMISSED.